UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| ELGIN JEROME HOLLY | ) | Case No: 3:00CR127-01 |
| | ) | USM No: 10103-058 |
| Date of Previous Judgment: 03/30/2001 | ) | Lyle Yurko |
| (Use Date of Last Amended Judgment if Applicable) | | Defendant's Attorney |

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of  ■ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:

■ **DENIED.**   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

| | | | | |
|---|---|---|---|---|
| Previous Offense Level: | 29 | Amended Offense Level: | 29 | |
| Criminal History Category: | IV | Criminal History Category: | IV | |
| Previous Guideline Range: | 240 to 240 months | Amended Guideline Range: | 240 to 240 months | |

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

☐ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

■ Other (explain):   The defendant is not eligible for the retroactive reduction. His original guideline was dictated by the mandatory minimum in this case. Therefore, the revised guideline also starts at the mandatory minimum. Also see below.

**III. ADDITIONAL COMMENTS**

The defendant is not eligible for the retroactive reduction. The Plea Agreement and the Presentence Report in this case note that the amount of cocaine, cocaine base and marijuana involved in this case converts to at least 5 kilograms, but less that 15 kilograms of powdered cocaine. The Offense Conduct section of the Presentence Report notes at least 9 kilograms of powdered cocaine and around 450 grams of cocaine base. The cocaine powder alone supports the original base offense level determined in this case. Using these drug amounts, the revised guidelines would direct a base offense level of 34, for the combined amount of drugs, and a base offense level of 32, for either of the drugs (cocaine or cocaine base) used alone. Thus the base offense level remains unchanged despite the Guidelines amendment.

Except as provided above, all provisions of the judgment   03/30/2001   shall remain in effect.

**IT IS SO ORDERED.**

Order Date:   May 21, 2008

Effective _____
(if different from order

Martin Reidinger
United States District Judge