# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:00cr127-01

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ELGIN JEROME HOLLY. ) | |

**THIS MATTER** is before the Court on the Defendant's Objection to Supplement to Presentence Report and Motion to Reconsider [Doc. 88], filed June 2, 2008, and his Brief in Support of Objection to Supplement to Presentence Report and Motion to Reconsider (Amended) [Doc. 89], filed June 2, 2008.

## PROCEDURAL HISTORY

On August 8, 2000, the Defendant was charged in a superseding bill of indictment with conspiracy to possess with intent to distribute at least 50 grams of cocaine base. [Doc. 15]. Both the indictment and an information

1

pursuant to 21 U.S.C. §851 provided the Defendant with notice of his three prior felony drug convictions. [Id.; Doc. 20, filed August 16, 2000]. As a result, the Defendant faced a sentence of mandatory life imprisonment. 21 U.S.C. §841(b)(1)(A).

On October 30, 2000, the Defendant entered into a plea agreement with the Government pursuant to which he pled guilty to the conspiracy charge in exchange for the Government's withdrawal of the §851 enhancement as to one prior state court drug conviction. [Doc. 35]. The Defendant still had two prior federal felony drug convictions and, as noted in the plea agreement, he faced a mandatory minimum sentence of 240 months imprisonment. [Id.].

In accordance with the plea agreement, the Government withdrew its §851 as to the one enhancement, but the Defendant's two other prior felony drug convictions remained. As a result, he faced a sentence mandated by statute to be not less than 240 months. Presentence Report, dated March 28, 2001. Based on the Defendant's adjusted offense level of 29 and criminal history category of IV, his guideline range of imprisonment would have been 121 to151 months. Because the statutory minimum term of imprisonment exceeded his maximum guideline range, the guideline

sentence became 240 months. Id.; U.S.S.G. §5G1.1(b).

Notwithstanding the statutory minimum, however, at sentencing, the Defendant received a sentence of 151 months imprisonment. The record before the Court does not disclose the reason for this. Defense counsel states in his brief that the Government made a motion pursuant to 18 U.S.C. §3553(e) to reduce the sentence below the statutorily mandated minimum as well as a motion pursuant to U.S.S.G. §5K1.1 to reduce the sentence below the guideline minimum range based on substantial assistance. [Doc. 89, supra., at 1]. Curiously, however, in that same document, counsel appears to contradict this by referring to the Defendant's "previously unrewarded substantial assistance." [Id., at 9]. From what is before the Court, the Court can only conclude that the §3553(e) motion to reduce his sentence below the statutorily mandated minimum sentence was granted. As for what was done regarding the §5K1.1 motion, or even whether it was made, the Court cannot tell from the record presented.

On May 21, 2008, the undersigned denied the Defendant's motion to reduce his sentence based on Amendment 706, the amendment to the cocaine base sentencing guideline, concluding that the amendment does

3

not apply to his situation. [Doc. 85].

## DISCUSSION

The Defendant seeks reconsideration of the Court's order and conclusion regarding his ineligibility. Defendant makes a rambling argument regarding the history of the disparity between the guidelines for crack versus powder cocaine, and the need for Amendment 706. When it comes to stating the basis on which Defendant seeks reconsideration, his argument is remarkably brief. It consists largely of a quote from a former version of Comment 3 to §1B1.10 of the Guidelines that "When an original sentence represented a downward departure, a comparable reduction below the Amended guideline range may be appropriate." Of course, what "may be appropriate" says nothing about the Defendant's eligibility. The Court is left to guess the basis for the Defendant's legal position.

Since Amendment 706 became retroactively effective only four months ago, there is little case law to guide the Court in the legal issue at hand. A virtually identical situation was presented, however, in <u>United States v. Minter</u>, __ F.Supp.2d __, 2008 WL 2358587, 2008 U.S. Dist. LEXIS 45584 (W.D.Va., June 11, 2008). In <u>Minter</u> the defendant faced a

mandatory minimum of ten years under 21 U.S.C. §841(b)(1)(A) and a guideline range of 120 to 150 months. The District Court had granted a downward departure under 18 U.S.C. §3553(e) and sentenced the defendant to 80 months. Upon defendant's motion to reduce sentence under 18 U.S.C. §3582(c)(2) because of Amendment 706, the District Court concluded that the Defendant was not eligible for such relief, recounting two different lines of reasoning.

> It has been held that a defendant who committed a crime subject to a mandatory minimum sentence is not eligible for reduction, even though the sentence was less than the minimum because of a substantial assistance motion, on the ground that the original sentence was not "based on a guideline range" as required by §3582(c)(2), but rather on a downward departure from the mandatory minimum See United States v. Ortiz, 2008 U.S. Dist. LEXIS 20136, 2008 WL 709488 (S.D.N.Y. 2008), United States v. Donnell, 2008 U.S. Dist. LEXIS 15356, 2008 WL 564647 (D.Me. 2008).
>
> . . .
>
> [R]elief has been also denied in this situation on the ground that where the statutory mandatory minimum sentence is above the maximum of the applicable guideline range, the mandatory minimum is deemed by the Sentencing Guidelines to be the guideline sentence. See United States v. Veale, 2008 U.S. Dist. LEXIS 16109, 2008 WL 619176 (N.D.N.Y. 2008). . . . Under this analysis, the mandatory minimum remains the guideline sentence, even though there was a downward departure for substantial assistance below the statutory minimum at the original sentencing, and thus there has been bo "lowering of the guideline range," as required by §3582(c)(2). See id.; United States v.

> Joiner, 2008 U.S. Dist. LEXIS 34849, 2008 WL 1902721 (W.D.La. 2008).

Id. at *4. The District Court then went on to conclude that

> Because the sentencing amendments for offenses involving crack cocaine apply only when a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," pursuant to 18 U.S.C. 3582(c)(2), a defendant who was sentenced based on a *statutory* minimum, which has not been lowered, is ineligible for such a sentence reduction.

Id., at **5-6.

By this reasoning the Defendant is ineligible for relief pursuant to Amendment 706. See also, United States v. Rivera-Crespo, 543 F.Supp.2d 436, 440 (E.D.Pa. 2008) ("[B]ecause of the operation of a statutory mandatory minimum sentence, a defendant's sentencing range is not lowered [and] the defendant is not entitled to the benefit of the retroactive amendment."); see, *e.g.*, United States v. Wingo, 2008 WL 2357743 (E.D.Mich. 2008); United States v. Harvey, 2008 WL 2367169 (W.D.Wash. 2008) ("The Sentencing Commission has not altered, and cannot alter, a statutory mandatory minimum sentence."). "A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. §3582(c) and is not consistent with policy statements if an amendment does not have the effect of lowering the defendant's applicable guideline range because of

the operation of another statutory provision, *i.e.*, a statutory minimum term of imprisonment." Id.

Defendant's only citation in his Memorandum is to a section of the commentary in support of his argument that the amendment should be applied to the Defendant's guideline range. The November 2007 version of the Guidelines, Commentary 3 from which Defendant quotes provides:

> When the original sentence represented a downward departure, a comparable reduction below the amended guideline range may be appropriate[.] Subject to these limitations, the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section.

U.S.S.G. §1B1.10, cmt. 3 (2007).

The language "When the original sentence represented a downward departure" was deleted in the 2008 amendment to §1B1.10, which now reads, "If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing ... ." U.S.S.G. §1B1.10 (2008); United States v. Turner, 2008 WL 2116971 **2 (N.D.Ind. 2008) ("The revised version of Section 1B1.10 provides that a reduction in sentence is not authorized if 'an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.'"). As such,

7

the Probation Office was correct when it noted in its supplement to the Presentence Investigation Report that the application of the amendment would not result in a reduction in the guideline range. Application Note 1(A) remains intact and clearly specifies that the amendment may not lower a guideline range where the defendant was sentenced pursuant to a statutory mandatory minimum.

The Court, therefore, concludes that the Defendant is not eligible for a reduction in his sentence under §3582(c)(2). Even if the Defendant were eligible, the Court determines in its discretion that the relief the Defendant seeks should be denied for the reasons stated herein.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Objection to Supplement to Presentence Report and Motion to Reconsider [Doc. 88] and his Brief in Support of Objection to Supplement to Presentence Report and Motion to Reconsider (Amended) [Doc. 89], construed as a motion to reconsider is hereby **DENIED**.

Signed: July 10, 2008

Martin Reidinger
United States District Judge