**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:00cr127**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| ) | |
| **ELGIN JEROME HOLLY.** ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾) | |

      **THIS MATTER** is before the Court on the Defendant's Fourth Motion to Reconsider [Doc. 91], filed July 16, 2008.

      On May 21, 2008, the undersigned denied the Defendant's Motion to Reduce Sentence re Crack Cocaine Offense. [Doc. 85]. The Defendant moved to reconsider, claiming that he had not been served with the supplemental presentence report. [Doc. 86, filed May 29, 2008]. The Defendant was allowed to file an objection to the recommendation of the Probation officer and he did so. [Doc. 87, filed May 29, 2008; Doc. 88, filed June 2, 2008]. In addition to the objection, Defendant filed a second motion to reconsider. [Doc. 88]. He also filed a third motion to reconsider.

1

[Doc. 89, filed June 2, 2008]. The Court denied the Defendant's objections and motions to reconsider. [Doc. 90, filed July 10, 2008]. On July 16, 2008, the Defendant filed his fourth motion for reconsideration. [Doc. 91].

In this motion, counsel does not cite the Court to additional facts in the record. He opines that "[t]he Court has access to the sentencing transcript and if doubts remain, the Court may need to examine the transcript." [Doc. 91 at ¶3]. It is, however, defense counsel's burden to place before the Court that which supports his position.

Defendant also presents the Court with no new legal argument; rather, counsel disagrees with the legal conclusions drawn by at the Court. Counsel also expresses frustration with the Court by noting that his position and the history of the case are "simple to understand for an experienced criminal prosecutor or defense lawyer." [Id., at ¶4]. Again, it is counsel's responsibility to place before the Court both the facts and legal argument counsel desires for the Court to consider. Simply asserting that some point is "simple to understand" is not a substitute for advocacy.

The Defendant's filing does not function as a true motion to reconsider. It merely vents defense counsel's displeasure with the Court's prior conclusions, without addressing any of the merits of the legal issues

forming the basis of the decision.  <u>Wells v. Liddy</u>, 186 F.3d 505, 519 (4th

Cir. 1999), *certiorari denied* 528 U.S. 1118, 120 S.Ct. 939, 145 L.Ed.2d

817 (2000) (where litigant fails to point out error but merely argues the

court drew the wrong legal conclusion, motion to reconsider denied);

<u>United States v. Williams</u>, 674 F.2d 310, 312-13 (4th Cir. 1982) (a motion

which is nothing more than a request that the court change its mind is not

authorized); <u>United States v. Vassell</u>, 22 Fed.Appx. 193 (4th Cir. 2001),

*certiorari denied* 537 U.S. 912, 123 S.Ct. 266, 154 L.Ed.2d 193 (2002) (if

the motion requests the court to reconsider a legal issue, relief is not

authorized).[1]

The ruling the Court has previously made is actually quite simple and

was set out quite plainly in the Court's original order regarding the motion

for reduction of sentence.  At sentencing the Defendant faced a guideline

range of 240 months to 240 months because of the statutory minimum

sentence and the operation of USSG §5G1.1(b).  He was sentenced below

that guideline range because of a departure pursuant to either §3553(e) or

---

[1]It is also worth noting that this successive motion to reconsider did not toll the time within which an appeal must have been taken. Fed.R.App.P. 4(b); <u>United States v. Cos</u>, 498 F.3d 1115 (10th Cir. 2007) (time within which to appeal is not tolled by successive motion to reconsider); see, *e.g.*, <u>United States v. Cohn</u>, 166 Fed.Appx. 4 (4th Cir. 2006).

§5K1.1 or both. Such departure, however, did not remove the guideline.

United States v. Pillow, 191 F.3d 403 (4th Cir. 1999). Hence, upon the

adoption of the retroactive amendments to the guidelines, Defendant still

faced a guideline range of 240 months to 240 months. There was no

change to the guideline range applicable to the Defendant. For that reason

the Defendant is not eligible for a reduction in his sentence. U.S.S.G.

§1B1.10(a). At each stage of the Defendant's motions for reconsideration

the Defendant has presented no facts and no legal argument that

demonstrate any inaccuracy in this analysis or this conclusion. The Court

understands that defense counsel disagrees with its ruling; however,

counsel has placed nothing before the Court to warrant further

consideration.

**IT IS, THEREFORE, ORDERED** that Defendant's Fourth Motion to

Reconsider [Doc. 91] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that no further motion to reconsider may

be filed in this matter absent prior permission which should not be lightly

sought.

Signed: August 19, 2008

Martin Reidinger
United States District Judge